**Electronically Filed**
**Intermediate Court of Appeals**
**29692**
**20-JUL-2011**
**07:53 AM**

NO. 29692

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE TRUST ESTATE
OF
GEORGE H. HOLT, DECEASED.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 91-0011)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Ginoza, JJ.)

Beneficiary-Appellant Charles H.K. Holt (Holt) filed
two notices of appeal from three Hawaiʻi Rules of Civil Procedure
(HRCP) Rule 54(b) certified judgments that were entered In the
Matter of the Trust Estate of George H. Holt (Trust Estate).

In the first notice of appeal, Holt appealed from (1)
the "Judgment re: Order Granting Remainder of the Petition for
Approval of Interim Accounts Covering the Period from November 1,
1968 through September 30, 2007, Filed Herein on August 6, 2008"
and (2) the "Judgment Pursuant to Order Granting Petition to
Approve Interim Accounts Covering the Period from October 1, 2007
through August 31, 2008,"[1] both filed on February 6, 2009 in the

_____

[1]  Holt also appealed from the "Order Granting Petition to Approve
Interim Accounts Covering the Period from October 1, 2007 through August 31,
2008" filed on February 6, 2009.  Because "[a]n appeal from a final judgment
brings up for review all interlocutory orders not appealable directly as of
(continued...)

Circuit Court of the First Circuit[2] (circuit court). Both judgments were entered pursuant to orders granting a petition for approval of interim accounts filed by Trustee-Appellee Bank of Hawaii (Trustee).

In the second notice of appeal, Holt appealed from the "Judgment Pursuant to Order Granting Petition to Approve Sale of Hau Street Properties to Wattie Char-Olson, Filed on June 28, 2007," filed on April 22, 2009 in the circuit court.[3] The circuit court entered the judgment pursuant to the June 28, 2007 "Order Granting Petition to Approve Sale of Hau Street Properties to Wattie Char-Olson" (Char-Olson).

On appeal, Holt contends:

(1) The circuit court erred when it approved the sale of the properties located at 1927, 1935, and 2005 Hau Street[4]; 2015 Hau Street (second property); and 2021 Hau Street (third property) (collectively, Hau Street properties) because the Trustee abused its discretion when it accepted Trust Estate beneficiary Char-Olson's offer to purchase those properties. The circuit court's "Order Granting Petition to Approve Sale of Hau Street Properties to [Char-Olson]" should be reversed because (a) the Trustee had no power to accept Char-Olson's bid sheets at the time of the sale, (b) Char-Olson's offer did not comply with the bidding procedure because she failed to include qualified bid sheets, (c) Char-Olson's bid sheets were illusory and fraudulent, and (d) the acceptance of Char-Olson's offer and the approval of

_____

[1](...continued)
right which deal with issues in the case," Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (internal quotation marks and citation omitted), this order is addressed in the discussion of the related "Judgment Pursuant to Order Granting Petition to Approve Interim Accounts Covering the Period from October 1, 2007 through August 31, 2008," filed on February 6, 2009.

[2] The Honorable Colleen K. Hirai presided.

[3] The Honorable Colleen K. Hirai presided.

[4] The properties located at 1927, 1935, and 2005 Hau Street were treated as a single parcel for purposes of the bidding procedure.

the sale of the Hau Street properties violated the Trust Estate beneficiaries' due process and equal protection rights.

(2) The circuit court erred when it approved the sale of the Hau Street properties because the first bid submitted by the George Holt Family, LLC (LLC) to purchase the Hau Street properties was the only legitimate bid submitted in compliance with the bidding procedure and the Trustee abused its discretion when it did not accept LLC's first bid. In the alternative, the Trustee should have accepted LLC's second bid and the court erred when it concluded that LLC's second bid did not comply with the bidding procedure.

(3) The circuit court erred by prematurely releasing the Trustee from liability when it approved the Trustee's accounting.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Holt's appeal is without merit.

**A.  The circuit court did not err when it approved the sale of the Hau Street properties.**

Holt contends the circuit court erred when it approved the sale of the Hau Street properties to Char-Olson because the Trustee abused its discretion by accepting Char-Olson's bid for the properties.

The Trustee is "entitled to the benefit of the presumption of regularity and good faith." In re Estate of Campbell, 42 Haw. 586, 607 (Haw. Terr. 1958). Holt, as the person questioning the Trustee's actions, has the burden of producing evidence to overcome that presumption. Id. In the present case, the Trustee derives its authority from the 1914 Last Will and Testament of George H. Holt (1914 Will) to sell any of the Trust Estate real property. Id. at 589 ("The trustees

derive their authority, whatever it may be, from the will of [the testator].")

The 1914 Will provided in the 4th paragraph:

It is my desire and I hereby request my said executors and trustees that none of my real estate be sold, save with the approval of the First Circuit Court of the Territory of Hawaii; and then only in case, in the opinion of my said executors or trustees, as the case may be, it would be for the best interests of the said estate that such sale should take place[.]

Pursuant to the 1914 Will, the Trustee could sell real property if it determined, in its discretion, that it was in the best interests of the Trust Estate to do so. And where discretionary power is given to the trustee, "the court will not interfere unless the trustee in exercising or failing to exercise the power acts dishonestly, or with an improper even though not a dishonest motive, or fails to use his judgment, or acts beyond the bounds of a reasonable judgment." Dowsett v. Hawaiian Trust Co., 47 Haw. 577, 581, 393 P.2d 89, 93 (1964) (quoting Restatement (Second) of Trusts § 187, cmt. e (1959)).

The 1914 Will gave the Trustee the discretion to sell real property if the Trustee determined it was in the best interests of the beneficiaries and if the circuit court gave its approval. Holt's March 3, 2006 Supplemental Report re Proposed Distribution Plan did not change the Master's belief that it was in the best interests of the Trust Estate to sell the properties, whether to individual beneficiaries, to the beneficiary LLC, or on the open market. Regardless of Holt's survey results, the Trustee was authorized, pursuant to the 1914 Will, to sell the real property if the Trustee determined it was in the best interests of the Trust Estate. In an effort to "accommodate the desire of those who desire a direct distribution of real property and those wishing a cash distribution," the Master proposed the closed bidding process that was subsequently ordered by the circuit court.

Based on the record, Holt does not overcome the presumption that the Trustee acted with regularity and good faith

4

on behalf of the Trust Estate when it petitioned the circuit court to sell all the Trust Estate real properties.

Holt next contends that Char-Olson did not comply with the requirements of the closed bidding process. The court-ordered process required the bidder to provide the following:

> a) a term sheet from a financial institution other than Trustee Bank of Hawaii showing the proposed terms of financing, and b) verification of the Beneficiary's assets (e.g. copies of bank and brokerage statements) that show to the Trustee's satisfaction that the Beneficiary has the requisite assets to pay for the down payment and close the transaction, including all normal and customary costs. The Trustee shall also require a firm commitment letter from the Beneficiary's lender within a reasonable period of time in advance of the estimated sale/distribution date.

Holt contends that if Char-Olson had submitted the term sheet or verification of her assets as required, it would have become apparent that the International Brotherhood of Electrical Workers (IBEW) was the true source of the funding and Char-Olson was merely the straw-buyer. He also contends that the court-ordered bidding process mandated the submission of a term sheet and verification of assets and therefore the Trustee violated the process by accepting Char-Olson's bid.

It is clear from the steps outlined in the bidding process that the purpose of requiring the term sheet and verification of assets was to confirm in the Trustee's mind that a bidder was financially qualified to bid on a property. The process specifically stated that the term sheet and verification were to "show to the Trustee's satisfaction that the Beneficiary has the requisite assets to pay for the down payment and close the transaction." Central Pacific Bank's letters confirmed that it would provide 100% of the financing Char-Olson needed to complete the real estate purchases.

LLC's first bid on the properties at 1927, 1935, and 2005 Hau Street was based on the beneficial interests of LLC members. The first bids on the second and third properties were based on the hope of a loan from a yet-to-be-identified financial institution.

The Trustee had the discretion to select the bid that appeared most likely to be in the best interests of the Trust Estate.  The Trustee selected the bid that came with a 100% financing guarantee; included a higher bid on the properties at 1927, 1935, and 2005 Hau Street; and required acceptance of the bid on the properties at 1927, 1935, and 2005 Hau Street to activate the bids on the second and third properties.  In light of the facts, the Trustee did not abuse its discretion and the circuit court did not err when it approved the petition for the sale of the Hau Street properties to Char-Olson.

Furthermore, Holt's contention that Char-Olson's bid was fraudulent is without merit.  He argues that IBEW was the true source of Char-Olson's funding and IBEW "conspired with Char-Olson to defraud the Beneficiaries of the Estate property by using Char-Olson as a straw bidder."

A "straw bidder" or "straw man" is "a third party used in some transactions as a temporary transferee to allow the principal parties to accomplish something that is otherwise impermissible."  Black's Law Dictionary 1557 (9th ed. 2009).  Holt alleges that Char-Olson was the temporary transferee, enabling IBEW to bid on the property during the time the sale was open only to Trust Estate beneficiaries.  Holt points to the evidence that Char-Olson transferred the Hau Street properties to IBEW on the same day the properties were transferred to her as proof of the alleged fraud.

The Master responded to the allegation of fraud in his July 7, 2008 memorandum to the circuit court.  He noted that the July 25, 2006 order granting the Trustee's petition to sell all the real property did not prohibit the re-sale of a property after a successful bid.  Moreover, according to the Master, whether the successful bidder entered into an agreement with a third party before or after the successful bid was "of no legal significance in so far as being in compliance" with the court order regarding the bidding process.  The Master noted that the

financial commitment made by Central Pacific Bank to provide 100% financing was made only to Char-Olson; there was no evidence that IBEW played any role in obtaining the financing. Based on the facts, Holt's allegation of fraud is without merit.

Finally, Holt contends the circuit court violated the Trust Estate beneficiaries' due process and equal protection rights by unequally applying the bidding procedure requirements. Holt failed to raise these constitutional claims below, and we therefore do not consider them on appeal. Hawai'i Rules of Appellate Procedure Rule 28(b)(4).

The circuit court should not substitute its own judgment for the Trustee's discretionary judgment that it was in the best interests of the beneficiaries to accept Char-Olson's bids over LLC's bids. In re Estate of Campbell, 42 Haw. at 603-04. The Trustee is "entitled to the benefit of the presumption of regularity and good faith," id. at 607, and we find nothing in the record or in Holt's argument to overcome that presumption. The circuit court did not err when it approved the sale of the Hau Street properties to Char-Olson.

B.   **The circuit court did not err when it concluded that LLC's second bid did not comply with the bidding process.**

Holt contends, in the alternative, that the Trustee should have accepted LLC's second bid and the circuit court erred when it concluded that LLC's second bid did not comply with the bidding procedure.

The Trustee petitioned the circuit court on April 19, 2007 to approve the sale of the Hau Street properties to Char-Olson, and the circuit court set a hearing for June 15, 2007.

On June 14, 2007, LLC filed a response to the petition and submitted a second bid of $6.2 million cash (approximately $1 million more than its initial bid) for the properties at 1927, 1935, and 2005 Hau Street. LLC's second bid was higher than the winning bid of Char-Olson. LLC's bid proposed to pay 100% cash

for the properties at 1927, 1935, and 2005 Hau Street, so there was no need for a term sheet showing terms of financing. However, there was still a need for verification of assets. LLC provided a "letter of support" from Andrew Friedlander (Friedlander). Attached to Friedlander's letter was a letter from Morgan Stanley confirming that Friedlander and his wife had more than $6.2 million in personal assets on deposit that could be used "to collateralize any financing they may be considering." The "letter of support" did not include any paperwork to indicate a legally binding commitment between Friedlander and LLC.

At the June 15, 2007 hearing, the circuit court stated that it had reviewed all the documents filed and noted the untimely filing of LLC's response and the lack of any previous inquiry by LLC to clear up any alleged misunderstanding regarding the bidding process. The circuit court concluded that LLC's bid filed on June 14, 2007 did not comply with the bidding procedure set out in the July 25, 2006 court order and granted the Trustee's petition to sell the Hau Street properties to Char-Olson.

The Trustee did not abuse its discretion when it confirmed the sale of the Hau Street properties to Char-Olson, and the circuit court did not err in concluding that LLC's second bid did not conform with the bidding process.

C.    **The circuit court did not err when it released the Trustee from liability**

Holt contends the circuit court had no legal authority to release the Trustee from liability when the court approved the Trustee's interim accounts. Holt bases his contention on his belief that the sale of the Hau Street properties to Char-Olson was fraudulent and the circuit court's release gave the Trustee blanket immunity from any retroactive or subsequent liability for the alleged fraudulent transaction.

Contrary to Holt's contention that the circuit court lacked authority to release the Trustee from liability, Hawaii

Revised Statutes (HRS) § 560:7-201(a)(3) (2006 Repl.) gives the circuit court jurisdiction "to determine the existence or nonexistence of any immunity, power, privilege, duty or right" arising from a trust or the administration thereof. The circuit court's jurisdiction includes the power to "review and settle interim or final accounts." HRS § 560:7-201(a)(2).

That is not to say, however, that a court may protect a Trustee from fraudulent accounting. "In general, the judicial settlement of a trustee's account renders res judicata all matters in dispute and determined by the court in settling the account[.]" 4 Austin Wakeman Scott, William Franklin Fratcher, & Mark L. Ascher, Scott and Ascher on Trusts § 24.25, at 1789 (4th ed. 2007). However, an "account may be reopened if the trustee is guilty of fraudulent concealment or misrepresentation in presenting the account or in obtaining the court's approval." Id. at 1790.

The 1914 Will granted the Trustee the discretion to sell the real property. The Trustee, after conducting a bidding process in accordance with a court order, sold the Hau Street properties after receiving court approval in accordance with the 1914 Will. The circuit court also approved the accounting for the periods that included the sale of the said property. The circuit court will not interfere with the Trustee's exercise of its discretion unless the Trustee "acts dishonestly, or with an improper even though not a dishonest motive, or fails to use his judgment, or acts beyond the bounds of a reasonable judgment." In re Estate of Campbell, 42 Haw. at 604.

The circuit court's approval of the Trustee's accounting reflects the fact that Holt had an opportunity in a judicial proceeding to contest the sale of the Hau Street properties as fraudulent. Unless Holt can successfully argue a fraud not already addressed, the circuit court's order approving the accounting is res judicata as to the accounting and the sale of the Hau Street properties. In re Bernice P. Bishop Estate, 36

Haw. 403, 421 (Haw. Terr. 1943) (holding that "an order or decree approving an annual trust account does not become res adjudicata as to matters not actually adjudicated by the court"). The circuit court did not err when it released the Trustee from liability.

Therefore,

The "Judgment re: Order Granting Remainder of the Petition for Approval of Interim Accounts Covering the Period from November 1, 1968 through September 30, 2007, Filed Herein on August 6, 2008," filed on February 6, 2009; the "Judgment Pursuant to Order Granting Petition to Approve Interim Accounts Covering the Period from October 1, 2007 through August 31, 2008," filed on February 6, 2009; and the "Judgment Pursuant to Order Granting Petition to Approve Sale of Hau Street Properties to Wattie Char-Olson, Filed on June 28, 2007," filed on April 22, 2009, in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, July 20, 2011.

On the briefs:

Gary Victor Dubin
Long H. Vu
Frederick J. Arensmeyer
(Dubin Law Offices)
for Beneficiary-Appellant
Charles H.K. Holt.

David C. Larsen
Rhonda L. Griswold
Michael C. Schwartz
(Cades Schutte)
for Trustee Bank of Hawaii.

Lyle S. Hosoda
Raina P.B. Gushiken
(Lyle S. Hosoda &
Associates, LLC)
for Beneficiary-Appellee
Wattie Char-Olson.

Chief Judge

Associate Judge

Associate Judge